IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01334-PAB-CBS

UNITED STATES OF AMERICA,
    Plaintiff,
v.

$ 216,853.32 SEIZED FROM BANK ACCT. # 1200396842, and
$ 35,063.00 SEIZED FROM BANK ACCT. # 760160002167,
    Defendants.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE FOR
DEFAULT JUDGMENT AND FINAL ORDER OF FORFEITURE

---

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on the United States of America's Motion for Default Judgment and Final Order of Forfeiture (filed September 9, 2009) (doc. # 17). Pursuant to the Order of Reference dated July 3, 2009 (doc. # 4) and the memorandum dated September 29, 2009 (doc. # 18), the Motion was referred to the Magistrate Judge. As of this date, no response to the Motion has been filed. The court, having reviewed the Motion, the entire case file, and the applicable law and being sufficiently advised in the premises, finds and concludes that:

    1.    Defendant property is described as $ 216,853.32 seized from bank acct. # 1200396842 at Bank One, Denver, Colorado in the name of Denver Wholesale ("Bank One account") and $ 35,063.00 seized from bank account # 760160002167 at Key Bank, Denver, Colorado in the name of Denver Wholesale ("Key Bank account"). Defendant property is currently being held in the United States Treasury Suspense Account.

2. The United States of America commenced this civil action *in rem* pursuant to 21 U.S.C. § 881, seeking forfeiture of the Defendant property based upon violations of 21 U.S.C. § 801 *et seq.* (*See* docs. # 1 and # 5).

3. The court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

4. Venue is proper in the State and District of Colorado pursuant to 21 U.S.C. § 881(j), 28 U.S.C. § 1355, and 28 U.S.C. § 1395, as the Defendant property is located, the acts giving rise to the forfeiture occurred, and the forfeiture proceeding accrued in the District of Colorado.

5. All known interested parties have received notice of this action and been provided an opportunity to respond and publication has been effected as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (*See* docs. # 9 and # 10 (Returns of Service for Warrant for Arrest), # 13 (Certificate of Service), # 14 and # 14-2 ("Notice of Publication")).

6. Default was entered by the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) as to the Defendant property on August 31, 2009. (*See* doc. # 16).

7. The record reflects that after notice, there have been no Claims, Answers, or other responsive pleadings filed in this matter as required by Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions and 18 U.S.C. § 983(a)(4).

8. Title 21 U.S.C. § 881 provides for the forfeiture of all moneys furnished or intended to be furnished in exchange for controlled substances in violation of 21 U.S.C. § 801 *et seq.*, all proceeds traceable to an exchange for controlled substances in violation of 21 U.S.C. § 801 *et seq.*, and all moneys used or intended to be used to

facilitate any violation of 21 U.S.C. § 801 *et seq.*  Title 21 U.S.C. § 881(a)(6).

9. Based upon the facts and verification set forth in the Amended Verified Complaint for Forfeiture in Rem (doc. # 5), it appears by a preponderance of the evidence that there was reasonable cause for the seizure of the Defendant property and that there is cause to issue a forfeiture order under 21 U.S.C. § 881.

Accordingly, IT IS RECOMMENDED that:

1. The United States' Motion for Default Judgment and Final Order of Forfeiture (filed September 9, 2009) (doc. # 17) be GRANTED.

2. Default judgment and forfeiture be entered in favor of Plaintiff United States of America and against $ 216,853.32 seized from bank acct. # 1200396842 at Bank One, Denver, Colorado in the name of Denver Wholesale ("Bank One account") and $ 35,063.00 seized from bank account # 760160002167 at Key Bank, Denver, Colorado in the name of Denver Wholesale ("Key Bank account"), including all right, title, and interest;

3. Plaintiff United States of America shall have full and legal title to the $ 216,853.32 seized from bank acct. # 1200396842 at Bank One, Denver, Colorado in the name of Denver Wholesale ("Bank One account") and the $ 35,063.00 seized from bank account # 760160002167 at Key Bank, Denver, Colorado in the name of Denver Wholesale ("Key Bank account") and may dispose of Defendant property in accordance with law; and

4. A Default Judgment and Final Order of Forfeiture issued by the District Judge shall serve as a Certificate of Reasonable Cause under 28 U.S.C. § 2465.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  See *Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  But see, *Morales-Fernandez v. INS*, 418 F.3d 1116, 1122

(10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated at Denver, Colorado this 2nd day of October, 2009.

BY THE COURT:


　s/Craig B. Shaffer　
United States Magistrate Judge